## In re KIMBALL S. S. CO.

(District Court, N. D. California. June 22, 1903.)

### No. 12,516.

1. SHIPPING—CARRIAGE OF PASSENGERS—TRANSFER FROM SHORE TO VESSEL.
   The liability of a steamship for the safe carriage of persons whom she undertakes to convey on board from the shore in her boats as passengers is the same whether such persons had previously engaged passage or were going on board for that purpose.

2. WRONGFUL DEATH—DEFENSES TO ACTION FOR DAMAGES—ALASKA STATUTE.
   In an action brought under Code Civ. Proc. Alaska, § 353, Carter's Ann. Alaska Codes, p. 222, which provides that the personal representative of one whose death was caused by the wrongful act of another may maintain an action therefor if the deceased might have maintained an action, had he lived, for an injury done by the same act or omission, the contributory negligence of the deceased is a defense.

3. CONTRIBUTORY NEGLIGENCE—OVERCROWDING OF BOAT.
   Where the officer in charge of a boat sent ashore by a steamship to bring off passengers stated to those who came into the boat that she

---

¶ 2. See Death, vol. 15, Cent. Dig. § 25.

was overloaded, and asked that some of them get out and wait until the boat could return, which they refused to do, and the boat capsized, the passengers were guilty of contributory negligence.

In Admiralty. Proceeding for limitation of liability.

Jesse W. Lilienthal and Nathan H. Frank, for petitioner.
H. M. Wright, for claimant.

DE HAVEN, District Judge. In September, 1900, the steamer Albion, owned by the petitioner, was anchored in Golovin Bay, Alaska, 1½ miles from the beach, and, being ready to proceed on a voyage from that place to San Francisco, one of her small boats was sent to the shore to bring to the steamer such persons as had engaged or intended to take passage on her. In returning the boat capsized, and some of the persons which it carried were drowned. In this proceeding the petitioner contests, and at the same time asks for a limitation of its liability, as provided in sections 4283 and 4285 of the Revised Statutes [U. S. Comp. St. 1901, pp. 2943, 2944], if the court shall adjudge that it is liable for damages on account of the capsizing of its boat and the consequent loss of life. The value of the steamer and freight pending has been appraised, and Ella M. Weisshaar, administratrix of the estate of Louis D. Weisshaar, deceased, has answered the petition and presented her claim for damages. It sufficiently appears from the evidence that Louis D. Weisshaar was one of the persons drowned. It also appears that the boat, upon the occasion referred to, carried a greater number of persons than allowed by law, and also some baggage; it was down by the head, and so much overloaded that it had but little freeboard, and in consequence thereof, as soon as the rough water of the bay was encountered, filled with water and capsized. Before it left the beach the second mate of the Albion, who was in command of the boat, notified those who were in it that it was overcrowded, and requested that some of them get out and wait until the boat should return for them. Some of them did go ashore, but, upon being assured by one of the passengers that there was room in the boat for more, most of them came back again, the officer still protesting that it was overcrowded. Such, in substance, is his testimony, and in this he is to some extent corroborated by Carvelle and De Lay, two witnesses whose depositions were offered in evidence by the claimant. The deceased had not actually engaged passage upon the steamer, but was going aboard for that purpose.

The fact that the deceased had not engaged passage upon the steamer is not material. The petitioner, having undertaken to convey him to the steamer, was under the same obligation to use proper care in transporting him as if he had paid for or engaged his passage. Cleveland v. New Jersey Steamboat Company, 68 N. Y. 306. But, while this is so, there is one fact which stands in the way of the claimant's right to recover damages. Her claim is based upon section 353 of the Code of Civil Procedure of Alaska (Carter's Ann. Alaska Codes, p. 222). That section provides as follows:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action

therefor against the latter, if the former might have maintained an action, had he lived, against the latter, for an injury done by the same act or omission."

The contributory negligence of the deceased is a defense to an action under this section in whatever court such action may be prosecuted, and the evidence in this case shows that the deceased was guilty of such negligence in remaining in the boat after he and the other passengers in the boat had been notified by the officer in command that it was overcrowded, and the request made that some of them go ashore. In so remaining, the deceased, as well as the other passengers in the boat, assumed the risk resulting from its overcrowded condition, and voluntarily encountered a danger which a prudent man with notice would have avoided.

The claim of the administratrix of the estate of Louis D. Weisshaar will be dismissed, and a decree entered that the petitioner is not liable for damages on account of the matters set forth in the petition.